UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA BERMUDEZ, )
6913 Long Needle Court )
Orlando, Florida 32822 )
)
and )
)
JORGE BERMUDEZ, )
6913 Long Needle Court )
Orlando, Florida 32822 )
)
            Plaintiffs, )
)
           v. ) CA No. _____
)
THE UNITED STATES OF AMERICA, )
)
United States Attorney for )
the District of Columbia )
555 4th Street, N.W. )
Washington, D.C. 20001, )
)
and )
)
Attorney General of the )
United States )
Department of Justice )
950 Pennsylvania Ave., N.W. )
Washington, DC 20530, )
)
           Defendant. )

## COMPLAINT

Come now the Plaintiffs, Sandra Bermudez and Jorge Bermudez, by and through their undersigned attorneys, Bruce J. Klores and Thomas W. Mitchell of Bruce J. Klores and Associates, P.C., and sue the Defendant, stating as follows:

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

## JURISDICTION

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 2675(a).

## VENUE

2.  The acts or omissions complained of occurred in the District of Columbia.

3.  Venue before this Court is therefore proper under 28 U.S.C. §1402(b).

## THE PARTIES

4.  Plaintiff Sandra Bermudez is an individual residing at 6913 Long Needle Court, Orlando, Florida 32822. She is married to Plaintiff Jorge Bermudez.

5.  Plaintiff Jorge Bermudez is an individual residing at 6913 Long Needle Court, Orlando, Florida 32822.

6.  Defendant United States of America, at all relevant times, controlled and operated the Walter Reed Army Medical Center ("WRAMC") in Washington, D.C., and employed the healthcare providers who provided care to Ms. Bermudez at WRAMC relating to a CT scan with intravenous contrast on May 5, 2009.

## FACTUAL BACKGROUND

7.  On May 5, 2009, Plaintiff Sandra Bermudez was transferred to the WRAMC in Washington, D.C., from the DeWitt Army Community Hospital in Fort Belvoir, Virginia ("DeWitt"), for evaluation of complaints

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

of chest pain. Upon admission to WRAMC, she was treated by, among other persons, Jacob Collen, MD, Antonio Jurlano, RN, an unidentified technician in WRAMC's radiology department, and others. Each of the persons who treated Ms. Bermudez that day was employed by the Defendant and was acting within the scope of his/her employment when rendering care and treatment to Plaintiff Sandra Bermudez.

8. Dr. Collen ordered the placement of a peripherally inserted central catheter ("PICC") for Ms. Bermudez in order to permit her to undergo a chest CT scan with injected contrast material. Dr. Collen ordered the chest CT scan with contrast material in order to rule out a pulmonary embolism as the cause of her chest pain. The contrast material was to be injected into Ms. Bermudez through the PICC line, not a standard peripheral line in her wrist.

9. Earlier that same day, prior to Ms. Bermudez's transfer to WRAMC, the physicians caring for Ms. Bermudez at DeWitt had been unable to obtain adequate intravenous access to inject contrast material thorough a conventional intravenous line for a chest CT scan, despite numerous attempts. Dr. Collen and others at WRAMC knew about these unsuccessful attempts. Indeed, they were the reason that Dr. Collen ordered placement of the PICC line.

10. Subsequent to Dr. Collen's order for the PICC line, Nurse Jurlano instead placed, on his third attempt, a peripheral IV line, 18 gauge, into Ms. Bermudez upper left arm for purposes of the CT scan with contrast.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

3

The new line in her left upper arm. A peripheral line in Ms. Bermudez's wrist was not to be used to inject the contrast material.

11.   Ms. Bermudez underwent the chest CT scan with contrast at WRAMC on May 5, 2009. But, in contravention of the standing orders and procedures performed, the contrast material was injected into Ms. Bermudez through the conventional peripheral IV line in Ms. Bermudez's left wrist, rather than a PICC line or the 18-gauge line in her upper left arm. The IV line in Ms. Bermudez's left wrist was not tested or checked for patency before the contrast material was injected.

12.   During the chest CT scan procedure, the peripheral IV line in Ms. Bermudez's left wrist failed, and the iodized contrast material was forced under high pressure into the tissues in Ms. Bermudez's left lower arm, wrist and hand, thereby causing serious and permanent injury to Ms. Bermudez. No healthcare provider assessed the condition of the IV site after the CT scan was completed.

13.   The leaked contrast material caused Ms. Bermudez left hand, wrist and arm to swell, leading to a dangerous condition known as compartment syndrome. In response, the healthcare providers attending to Ms. Bermudez ordered and applied heat packs to her left arm and wrist, rather than ice packs, which exacerbated the swelling, the compartment syndrome, and the injuries to Ms. Bermudez.

14.   On February 1, 2010, within two years of when this action accrued, Plaintiffs Sandra Bermudez and Jorge Bermudez filed separate

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

4

Administrative Claims for Injury with the Department of the Army, specifically alleging the facts contained herein.

15. It has been more that six months since Plaintiffs filed their administrative claims, and the Army has not issued a final determination on them. This suit is thus timely filed pursuant to 28 U.S.C. §2401(b).

16. At all relevant times mentioned herein, the United States of America, through the Department of Army in Washington, D.C., provided care and treatment to Sandra Bermudez.

17. At all times mentioned herein, the medical care provided to Sandra Bermudez by defendant United States of America was provided by agents, employees, servants and representatives of this defendant, all acting within the scope of their employment or agency. This includes, but is not limited to, all pre-operative, operative, and post-operative care provided to Sandra Bermudez at the WRAMC in Washington, D.C.

18. A health care provider/patient relationship existed between the named defendant, its agents, employees, representatives, and/or servants, and Sandra Bermudez at all times relevant herein.

19. The defendant, United States of America, owed Sandra Bermudez a duty to conform its care to the standards of reasonable practitioners acting under the same or similar circumstances, including the performance of appropriate surgical and post-operative procedures relating to a chest CT scan with injected contrast material.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

20. Medical providers at the Department of the Army in Washington, D.C., negligently managed and treated Sandra Bermudez on May 5, 2009.

21. On May 5, 2009, the defendant's healthcare providers negligently performed the chest CT scan with injected contrast material and related procedures at the WRAMC in Washington, D.C.

22. The defendant breached the standard of care by, *inter alia*, negligently and carelessly:

   a. Injecting the contrast material into Ms. Bermudez through the intravenous line in Ms. Bermudez's left wrist;

   b. Failing to assess the IV site before injecting the contrast material;

   c. Failing to perform the procedure within accepted standards of care;

   d. Failing to assess the IV after the completion of the CT scan;

   e. Applying heat packs, rather than ice packs, to Plaintiff's swollen left hand and arm; and

   f. Was otherwise negligent.

## COUNT I
(Medical Malpractice — Sandra Bermudez)

23. Plaintiff Sandra Bermudez hereby incorporates all previous paragraphs as if restated herein.

24. As a direct and proximate result of the above acts of negligence, Sandra Bermudez has suffered, and will continue to suffer, severe and permanent injury, causing her to endure pain and suffering, anguish, embarrassment, and humiliation. She suffers from, among other

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

conditions, weakness, numbness, paralysis and pain in her left upper extremity. She also suffers anxiety, discomfort, embarrassment, loss of relationship with her husband, loss of enjoyment of life and general physical and emotional pain and suffering. She has and will continue to suffer lost income and other economic damages in the future.

WHEREFORE, Sandra Bermudez requests judgment against the defendant, for all sums permissible for compensatory damages in the amount of Twenty Million Dollars ($20,000,000.00), or such other amount to be proven at trial, together with interest and costs, and such other relief as this Court finds just and proper.

### COUNT II
(Loss of Consortium – Jorge Bermudez)

25. Plaintiff Jorge Bermudez hereby incorporates all previous paragraphs as if restated herein.

26. As a direct and proximate result of the above acts of negligence and the permanently disabling and disfiguring injury to his wife, Jorge Bermudez has suffered severe and continuing mental anguish, loss of income, loss of enjoyment of life, and substantial loss of consortium.

WHEREFORE, plaintiff Jorge Bermudez requests judgment against the defendant for all sums permissible for compensatory damages in the amount of Twenty Million Dollars ($20,000,000.00), or such other amount to be proven at trial, together with interest and costs, and such other relief as this Court finds just and proper.

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

7

Respectively submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By: _____
Bruce J. Klores (DC Bar # 358548)
Thomas W. Mitchell (DC Bar #425180)
1735 20th Street, N.W.
Washington, D.C. 20009
P: (202) 628-8100
F: (202) 628-1240

*Counsel for Plaintiffs*

1945.Complaint.doc
BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com